**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| ALLURE ENERGY, INC., | § | |
| a Delaware corporation, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. _____ |
| | § | |
| NEST LABS, INC., | § | |
| a Delaware corporation, | § | |
| GREEN MOUNTAIN ENERGY | § | |
| COMPANY, a Delaware corporation, | § | |
| and RELIANT ENERGY RETAIL | § | |
| HOLDINGS, LLC, a Delaware | § | |
| limited liability company, | § | |
| Defendants. | § | |

## COMPLAINT AND JURY DEMAND

Plaintiff Allure Energy, Inc., through its attorneys, Earl Landers Vickery and Dickinson Wright PLLC, states as follows for its cause of action against Defendants Nest Labs, Inc., Green Mountain Energy Company, and Reliant Energy Retail Holdings, LLC, for patent infringement:

## NATURE OF THE CASE

1.      This is a complaint for patent infringement of U.S. Patent No. 8,442,695 under 35 U.S.C. § 271.

## THE PARTIES

### The Plaintiff

2.      Plaintiff Allure Energy, Inc. ("Allure") is a Delaware corporation having a principal place of business at 901 So. Mopac Expressway, Bldg V, Suite 250, Austin, Texas 78746.

3.      Allure was founded in 2009 by Kevin Imes ("Mr. Imes"), a Texas veteran and graduate of the University of Texas at Austin with an advanced degree in business from the McCombs School of Business and an undergraduate degree in Electrical Engineering.  Mr. Imes

bootstrapped Allure Energy and is named as an inventor on the patent-in-suit and at least 20 other allowed U.S. patents.  Mr. Imes, a resident of Texas, grew up in southeast Texas.

4.     Allure is a smart technology provider that develops leading-edge smart solutions that enhance a user's experience with minimal effort. Allure is in the business of designing, manufacturing, and selling home environment and energy management products, including smart thermostats through its website www.allure-energy.com.

5.     Over the last four years, Allure has successfully grown to more than 10 employees and employs numerous local Texas contractors.  Allure's growth is due in no small part to its significant investments in both research and development, and the protection of its intellectual property rights.  In doing so, Allure is positioned for significant domestic economic growth and continues to recruit and hire employees in the State of Texas, and ex-military personnel who have successfully served in the U.S. Armed Forces.

6.     Allure has invested substantial sums of money designing and developing its home environment and energy management products and has already been awarded 10 U.S. patents, with several additional patents allowed, and many other U.S. and foreign patent applications pending that are directed toward these developments.

7.     Allure is the owner by assignment of United States Patent No. 8,442,695 ("the '695 Patent"), which issued on May 14, 2013, for an invention entitled "Auto-Adaptable Energy Management Apparatus."  (A copy the '695 Patent is attached as **Exhibit A**.)

8.     Allure has developed and is promoting a new smart thermostat that has been commercially introduced under the name "Eversense", and is or will be available soon for advanced purchase on the Allure Energy website.

9.     The Allure "Eversense" smart thermostat is being manufactured and assembled domestically in Texas.

10.    The Allure "Eversense" smart thermostat is being manufactured with semi-conductors that are purchased through the Texas operations of at least the following companies headquartered in Texas: Freescale Semiconductor, Cirrus Logic, and Silicon Labs.

11.    The Allure "Eversense" smart thermostat is also being manufactured with components purchased from various other companies with operations and facilities in Texas.

12.    The Allure "Eversense" smart thermostat is poised to have a significant impact on the U.S. economy through:

    a.    The hiring of U.S. based contract manufacturers, suppliers, and distributors;

    b.    The hiring of numerous employees in Texas, including engineers, software developers, and designers that will continue to develop and support innovative solutions and energy-saving technologies, such as the "Eversense" smart thermostat; and

    c.    The recruitment of veterans to work for Allure after leaving the Armed Forces.

13.    For at least the reasons stated, Allure has created, and will continue to grow, a domestic industry that is having a positive impact on the nation's economy.

14.    Per PR Newswire, the U.S. smart technologies industry is expected to grow to a $57B industry by 2016, and other sources forecast that nearly half of U.S. homes will replace traditional thermostats having smart thermostats with remote access and automatic controls.

<u>The Defendants</u>

**A.    Nest Labs**

15.    Defendant Nest Labs, Inc. ("Nest Labs") is a Delaware corporation with its principal place of business at 900 Hansen Way, Palo Alto, California 94304.

16.     Nest Labs is engaged, directly or indirectly, in the manufacture, sale and offer for sale of smart thermostats under the name "Nest Learning Thermostat".  The "Nest Learning Thermostat" is directly competitive with the Allure "Eversense" smart thermostat.

17.     Nest Labs is manufacturing the "Nest Learning Thermostat" in China, and importing the foreign made "Nest Learning Thermostat" into the U.S.

18.     In December 2011, Allure notified Tony Fadell, CEO of Nest Labs, and Nest Labs' investors of the existence of various Allure patents and publications that relate to Allure's development of smart thermostats and which include the subject matter of the allegedly infringed '695 Patent.  Upon information and belief, Nest Labs, Tony Fadell, and its investors elected not to respond to this letter or otherwise contact Allure or Mr. Imes to discuss Allure's intellectual property position and the potential impact on the Nest Learning Thermostat.

19.     Per GigaOM, Nest Labs is now shipping 40,000-50,000 of its learning thermostats per month, which could reach a shipment rate of 1 Million thermostats per year by this summer.

20.     Upon information and belief, Nest Labs has received around $150 million in venture capital investment and a nearly $800 Million market valuation, and continues to import products from China, which violate Allure's rights in the '695 Patent.

21.     The Nest Learning Thermostat is being offered for sale and sold through Nest's website at www.nest.com, which can be accessed and purchased in this District.

22.     Upon information and belief, the Nest Learning Thermostat is also available for purchase at various Lowe's retail stores, including at various retail stores of Lowe's Companies, Inc. ("Lowe's") in this District.

23.     Upon information and belief, Nest Labs has at least 40 certified installers for the Nest Learning Thermostat in this District, including in the following cities: Beaumont, Lufkin, Marshall, Sherman, and Texarkana (see www.certified.nest.com).

24.     Upon information and belief, Nest Labs is establishing relationships with energy companies whereby the energy companies are helping to sell, distribute and support the Nest Learning Thermostat to energy users in this District.

**B.      Green Mountain**

25.     Defendant Green Mountain Energy Company ("Green Mountain") is a Delaware corporation with its principal place of business at 300 W 6th Street, Austin, Texas 78701.

26.     Green Mountain is an energy provider that provides electricity services throughout Texas, including in this District and offers customers the ability to use clean and renewal energies throughout Texas, including in this District.

27.     As part of its clean energy initiatives, Green Mountain offers to provide the Nest Learning Thermostat to existing customers as well as new customers, throughout Texas and specifically in this District, who sign up for an energy rate plan with Green Mountain.  Green Mountain promotes this offering through its website at http://www.greenmountain.com, which can be accessed in this District.

**C.      Reliant Energy**

28.     Reliant Energy Retail Holdings, LLC ("Reliant") is a Delaware limited liability company which has a principal place of business at 1201 Fannin Street, Houston Texas 77002.

29.     Reliant is an energy company that provides electricity as well as smart energy solutions throughout Texas, including in this District.

30.     As part of its smart energy solutions, Reliant is offering to provide the Nest Learning Thermostat to existing customers as well as new customers, throughout Texas and specifically in this District, who sign up for an energy rate plan with Reliant.  Reliant promotes this offering through its website, which is accessible in this District.  (*See*

http://www.reliant.com/en_US/Page/Shop/Public/misc_Nest_LandingPage_May2012.jsp?txtPro

mocode=WR0505&iid=APR_F2_2012NovNestRemoteHPBanner.)

## JURISDICTION AND VENUE

31.     This action arises under the patent laws of the United States, 35 U.S.C. §1 *et seq.*

32.     This Court has subject matter jurisdiction over Allure's claims pursuant to 28

U.S.C. §1331 and §1338(a) because this is a civil action for patent infringement and arises under

the patent laws of the United States.

33.     Nest Labs is subject to personal jurisdiction in this District by virtue of, *inter alia*,

the fact that (i) it conducts business activity within the State of Texas and in this District through

(a) on-line sales of the Nest Learning Thermostat, (b) sale of the Nest Thermostat at Lowe's

retail stores in this District, (c) support of the Nest Learning Thermostat through its relationship

with certified installers in this District, and (d) collaboration with energy companies who sell and

distribute the Nest Learning Thermostat in this District; (ii) has substantial and continuous

contacts within the State of Texas, including in this District; and (iii) has committed acts of

patent infringement in the State of Texas, including in this District.

34.     Green Mountain is subject to personal jurisdiction in the District by virtue of,

*inter alia*, the fact that (i) it has offices in the State of Texas, conducts business in the State of

Texas, and delivers energy to residents in this District, (ii) has substantial and continuous

contacts within the State of Texas, including in this District, and (iii) has committed acts of

patent infringement in the State of Texas and in this District.

35.     Reliant is subject to personal jurisdiction in the District by virtue of, *inter alia*, the

fact that (i) it has offices in the State of Texas, conducts business in the State of Texas, and

delivers energy to residents in this District; (ii) has substantial and continuous contacts within the

State of Texas, including in this District; and (iii) has committed acts of patent infringement in the State of Texas and in this District.

36.     Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c) and §1400(b).

## COUNT I
## PATENT INFRINGEMENT – NEST LABS

37.     Allure hereby incorporates paragraphs 1 through 36 of its Complaint as though set forth fully herein.

38.     The '695 Patent was duly and legally issued by the United States Patent and Trademark Office.

39.     The '695 Patent is valid and enforceable.

40.     Allure owns the '695 Patent by assignment.

41.     Nest Labs has been and is currently infringing, actively inducing others to infringe, and/or contributing to the infringement of, the '695 Patent in violation of 35 U.S.C. §271, by making, using, selling, and/or offering for sale, or causing or inducing others to infringe the same in connection with at least its Nest Learning Thermostat.

42.     Upon information and belief, Nest Labs will continue to infringe the '695 Patent unless and until they are enjoined by this Court.

43.     Nest Labs has caused and will continue to cause Allure irreparable injury and damage as a result of its direct and/or indirect infringement of the '695 Patent.  Allure will suffer further irreparable injury, for which there is no adequate remedy at law, unless and until Nest Labs is enjoined from infringing the '695 Patent.

44.     Allure is entitled to injunctive relief under 35 U.S.C. §283.

45.     Allure is entitled to damages under 35 U.S.C. §284 by virtue of Nest Labs' infringement of the '695 Patent.

46.     This is an exceptional case warranting an award of attorney's fees to Allure under 35 U.S.C. §285.

## COUNT II
## PATENT INFRINGEMENT – GREEN MOUNTAIN

47.     Allure hereby incorporates paragraphs 1 through 46 of its Complaint as though set forth fully herein.

48.     The '695 Patent was duly and legally issued by the United States Patent and Trademark Office.

49.     The '695 Patent is valid and enforceable.

50.     Allure owns the '695 Patent by assignment.

51.     Green Mountain has been and is currently infringing, actively inducing others to infringe, and/or contributing to the infringement of, the '695 Patent in violation of 35 U.S.C. §271, by using, selling, and/or offering for sale, or causing or inducing others to infringe the same in connection, including in connection with its energy programs for the Nest Learning Thermostat, such as "Pollution Free Efficient with Nest" energy program.

52.     Upon information and belief, Green Mountain will continue to infringe the '695 Patent unless and until they are enjoined by this Court.

53.     Green Mountain has caused and will continue to cause Allure irreparable injury and damage as a result of its direct and/or indirect infringement of the '695 Patent.  Allure will suffer further irreparable injury, for which there is no adequate remedy at law, unless and until Green Mountain is enjoined from infringing the '695 Patent.

54.     Allure is entitled to injunctive relief under 35 U.S.C. §283.

55.     Allure is entitled to damages under 35 U.S.C. §284 by virtue of Green Mountain's infringement of the '695 Patent.

56.     This is an exceptional case warranting an award of attorney's fees to Allure under 35 U.S.C. §285.

## COUNT III
## PATENT INFRINGEMENT – RELIANT

57.     Allure hereby incorporates paragraphs 1 through 56 of its Complaint as though set forth fully herein.

58.     The '695 Patent was duly and legally issued by the United States Patent and Trademark Office.

59.     The '695 Patent is valid and enforceable.

60.     Allure owns the '695 Patent by assignment.

61.     Reliant has been and is currently infringing, actively inducing others to infringe, and/or contributing to the infringement of, the '695 Patent in violation of 35 U.S.C. §271, by using, selling, and/or offering for sale, or causing or inducing others to infringe the same in connection, including in connection with its energy programs for the Nest Learning Thermostat.

62.     Upon information and belief, Reliant will continue to infringe the '695 Patent unless and until they are enjoined by this Court.

63.     Reliant has caused and will continue to cause Allure irreparable injury and damage as a result of its direct and/or indirect infringement of the '695 Patent.  Allure will suffer further irreparable injury, for which there is no adequate remedy at law, unless and until Reliant is enjoined from infringing the '695 Patent.

64.     Allure is entitled to injunctive relief under 35 U.S.C. §283.

65.     Allure is entitled to damages under 35 U.S.C. §284 by virtue of Reliant's infringement of the '695 Patent.

66.     This is an exceptional case warranting an award of attorney's fees to Allure under 35 U.S.C. §285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Allure, prays for the following relief:

67.     An entry of judgment that Defendants, their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them be found to have infringed the '695 Patent directly and indirectly;

68.     An order enjoining, preliminarily and permanently, Defendants, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them, from making, using, selling, offering for sale, or importing into the United States products which infringe the '695 Patent;

69.     An award of damages adequate to compensate Allure for Defendants infringement of the '695 Patent;

70.     A post-judgment equitable accounting of damages for the period of infringement of the '695 Patent following the period of damages established by Allure at trial;

71.     If a permanent injunction is not granted, a judicial determination of the conditions of future infringement such as a royalty bearing compulsory license or such other relief as the Court deems appropriate;

72.     A finding that this case is exceptional pursuant to 35 U.S.C. § 285;

73.     An award of prejudgment interest, costs and disbursements, and attorney fees; and

74.     Such other and further relief as the Court deems Allure may be entitled to in law and equity.

## JURY DEMAND

Plaintiff, Allure Energy, Inc. demands a trial by jury as to all issues so triable.

Dated:  May 14, 2013.

Respectfully submitted,

*s/Earl Landers Vickery*
Earl Landers Vickery
Texas Bar No. 20571900
3007 Dancy Street
Austin, TX  78722
Telephone:  (512) 435-6666
Facsimile:  (512) 435-6669
Email:  lanny@justiceseekers.com
*Attorney for Plaintiff*


John S. Artz (P-48578)
DICKINSON WRIGHT PLLC
2600 West Big Beaver Rd. Suite 300
Troy, MI  48084-3312
Telephone:  (248) 433-7200
Email:  jsartz@dickinsonwright.com
*Attorneys for Plaintiff*