\*\* NOT FOR PRINTED PUBLICATION \*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ALLURE ENERGY, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION No. 9-13-CV-102 |
| v. | § | |
| | § | JUDGE RON CLARK |
| NEST LABS, INC., et al., | § | |
| | § | SJF |
| *Defendants.* | § | |

# ORDER DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING INTER PARTES REVIEW

Before the court is Defendants' Motion to Stay Proceeding Pending Inter Partes Review. Doc. # 117. Defendants seek a stay pending Inter Partes Review (IPR). Plaintiff opposes the motion to stay, arguing that it is prejudicial to its interests. Given the prejudice to Plaintiff, the unlikelihood that IPR will simplify the issues, and the stage of the proceedings at the time the motion was filed, Defendant's motion for stay is denied.

## I.   Background

Plaintiff filed suit against Defendants on May 14, 2013, and amended its complaint on October 29, 2013. Doc. ## 1, 17. Plaintiff alleges that Defendants infringe U.S. Patent Nos. 8,442,695, 8,509,954, and 8,571,518. Defendants answered the amended complaint on December 16, 2013. Doc. ## 22, 24, 26. On February 12, 2014, Plaintiff moved for a preliminary injunction. Doc. # 41. After a hearing at which the court construed four claim terms of the '518 Patent, the court denied the motion for preliminary injunction on March 25, 2014.

Defendants filed a petition for IPR on each of the patents-in-suit on August 29, 2014, but waited until October 3, 2014, to file the incident motion to stay. The motion was not fully

1

briefed until October 29, 2014, less than ten days prior to the *Markman* hearing. The court held a *Markman* hearing on November 7, 2014, to assist in construction of the three patents-in-suit. On November 24, 2014, the court issued an order finding that the only independent claim in the '695 Patent was indefinite. Doc. # 143. The court issued an order construing the remaining terms in the '518 and '954 Patents on November 25, 2014. Doc. # 145. In March 2015, IPR was granted on the '518 and '954 Patents.

## II.     Applicable Law

A district court may stay a matter before it, through its inherent power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The decision as to whether to stay a matter "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55 (citations omitted). Courts in this district have applied the same factors to determine whether to stay pending IPR as they did under the old reexamination system. *See, e.g.*, *Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2:13–cv–235, 2014 WL 4652117, at *2 (E.D.Tex. Sept. 17, 2014). Those factors include: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citing *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)).

## III.     Analysis

The first factor weighs against the stay. Not only would Plaintiff be unduly prejudiced, but also a stay would present a clear tactical disadvantage to Plaintiff. Patent holders, particularly practicing entities with products that compete on the open market with the alleged infringers, have a recognized interested in the timely enforcement of their patent rights. *See*

*Invensys Sys. v. Emerson Elec. Co.*, No. 6-12-cv-799, 2014 WL 4477939, at *2 (E.D. Tex. July 25, 2014). A stay pending IPR will prevent Plaintiff from a timely adjudication of its rights regarding the patents in suit. The IPR decision likely will not issue until March 2016, long after the June 1, 2015 trial date in this matter. After the IPR decision issues, the possibility of appeal further prolongs the final resolution of this matter. The stay also tactically disadvantages Plaintiff, as the longer this matter persists, the more likely it is that evidence and witnesses' memories will disappear or deteriorate. Additionally, a stay would likely require Plaintiff to expend considerable financial resources on the IPR proceedings, prior to its day in court.

Turning to the second factor, Defendants argue that a stay would simplify the issues in this case. This argument fails both because there is no guarantee that IPR will cancel or amend any of the claims at issue and because courts in this district refuse to entertain a per se rule that patent cases shall be stayed during IPR. *See Lennon Image Techs.*, 2014 WL 4652117, at *3. With no guarantee of simplified issues, the interest of justice favors denying the stay on this factor.

As to the final factor, Defendants waited until after substantial work on the *Markman* was complete before even seeking IPR. They waited even longer, until the *Markman* briefing was substantially complete, to file this motion for stay, which could not be fully briefed until days before the *Markman* hearing. All the while, Defendants knew of the firm trial setting in this matter of June 1, 2015. The parties, and the court, had expended substantial resources in this matter at the time this motion was filed, and have since expended more. The third factor weighs heavily against staying this matter.

## IV. Conclusion

Defendants have failed to show that the balance of the factors for determining whether to grant a stay weighs in their favor. Defendant's Motion to Stay Proceedings Pending Inter Partes Review (Doc. # 117) is DENIED.

So **ORDERED** and **SIGNED** this **2** day of **April, 2015.**

_____
Ron Clark, United States District Judge